FILED
U.S. District Court
District of Kansas
09/16/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSEPH MAC WINSTON,**

**Plaintiff,**

**v.** **CASE NO. 26-3173-JWL**

**CITY OF TOPEKA, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Shawnee County Jail in Topeka, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 11, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff until September 11, 2026, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the deadline.

Plaintiff claims that Norma Kenndy, Domnic Ford, and Roslind Bethea all left, and on December 30, 2020, Rosalind's deceased body was found on a trail. (Doc. 4, at 3.) Plaintiff claims that he did not find out about this until 2026. *Id*. Plaintiff suggests that Rosalind's due process violation "arose from executive action whether the behavior City is liability is with the intent to harm." *Id*. at 4.

Plaintiff claims that Domnic Ford has tried to kill Plaintiff three times, and the landlord turned Domnic over to the police. *Id*. at 4–5. Plaintiff then claims that although Domnic Ford had the same violation as Plaintiff, Ford is on probation for the shooting. *Id*. at 6.

Plaintiff names as defendants: the City of Topeka; Norma Kenndy; and Domnic Ford. Plaintiff seeks $1,000,000 in damages. *Id*. at 7. Plaintiff claims that someone he loves was tossed

out like trash and no amount of money is enough. *Id*.

The Court found in the MOSC that Plaintiff's Complaint is hard to decipher and fails to state a claim for relief. Plaintiff appears to be asserting due process or other rights belonging to Roslind Bethea, who was apparently found deceased in 2020. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). The Court found that to the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).

Plaintiff also names as defendants two individuals that were allegedly involved in criminal activity—Norma Kenndy and Domnic Ford. The Court found in the MOSC that Plaintiff failed to show that these Defendants were acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff seeks to hold private actors accountable under § 1983 and does not plead that the Defendants acted under color of state law. Because Plaintiff's complaint fails to sufficiently allege Defendants were acting under color of state law, this Court lacks jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim."). The Court found that Plaintiff's

claims against these private citizens were subject to dismissal, and ordered Plaintiff to show good cause why his claims against Defendants Kenndy and Ford should not be dismissed.

Plaintiff also names the City of Topeka as a defendant, but fails to set forth how the City allegedly violated his rights. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Wright v. City of Ponca City*, 2023 WL 5765848, at *7 (10th Cir. Sept. 7, 2023) (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *see also id*. at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.")). Instead, "the government as an entity" can only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. (quoting *Monell*, 436 U.S. at 694). To establish municipal liability a plaintiff must demonstrate the existence of a "municipal policy or custom." *Id*. (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)). Then the "plaintiff must demonstrate 'a direct causal link between the policy or custom and the injury alleged.'" *Id*. at n.9 (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Bryson*, 627 F.3d at 788)).

The Court found in the MOSC that Plaintiff failed to allege a requisite custom or policy or to name a policymaker. "[T]he Supreme Court has held that in 'limited circumstances,' a failure to train can be the basis for liability under § 1983." *Horocofsky v. City of Lawrence*, 2022 WL 1421554, at *29 (D. Kan. May 5, 2022) (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). Only when a municipality's failure to train employees evidences a " 'deliberate indifference' to the rights of inhabitants" can a failure to train be considered "a city 'policy or custom' that is actionable under § 1983." *Id*. (quoting *Canton*, 489 U.S. at 389). To show deliberate indifference, a plaintiff must show that the municipality had "actual or constructive notice that its action or

failure to act is substantially certain to result in a constitutional violation," and a conscious or deliberate choice to disregard the harm. *Id*. (citation omitted).

Plaintiff has failed to allege how the City of Topeka or any of its employees violated his constitutional rights. Plaintiff's Complaint fails to allege the existence of any custom or policy adopted by a municipal policymaker, or any facts supporting an inference that one exists. This is a requirement for asserting a § 1983 claim against a municipality, and without such allegations, Plaintiff fails to state a claim for relief against the City of Topeka. The Court ordered Plaintiff to show good cause why his claims against the City of Topeka should not be dismissed.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice." (Doc. 9, at 7.) Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why this case should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 16, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**